IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

WALTER TREMAINE CARRUTHERS                                                PLAINTIFF

V.                                                          CIVIL ACTION NO. 3:20-CV-00047-JMV

STATE OF MISSISSIPPI, KEVIN JOHNSON,
JEFF CHISM, JOE MCDONALD, and MARK COSSIT               DEFENDANTS

## MEMORANDUM OPINION AND ORDER

On December 8, 2020, Plaintiff Walter Tremaine Carruthers, an inmate currently housed at the Union County Jail, appeared before the Court for a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), to determine whether there exists a justiciable basis for his claims filed under 42 U.S.C. 1983. A plaintiff's claim will be dismissed if it "lacks an arguable basis in law or fact, such as when a prisoner alleges the violation of a legal interest that does not exist." *Martin v. Scott*, 156 F.3d 578 (5th Cir. 1998) (citations omitted). The Prison Litigation Reform Act[1] ("PLRA") applies to this case because the plaintiff was incarcerated when he filed this lawsuit. As Plaintiff consented to United States Magistrate Judge jurisdiction in this case in accordance with 28 U.S.C. § 636 (c), the undersigned has the authority to enter this order and the accompanying judgment.

## Plaintiff's Allegations

On October 1, 2018, Walter Carruthers alleges that he was visiting his uncle's residence located at 706 Glade Street, New Albany, Mississippi. Although Carruthers regularly visited and sometimes stayed over, in particular when his grandmother was there, he avers that he actually resided elsewhere with his wife. During his visit, officers from the New Albany Police

---

[1] 28 U.S.C. § 1915.

Department ("NAPD") entered the residence, executed a search of the home, seized evidence, and arrested all individuals present, including Carruthers.

According to Carruthers, the officers did not knock on the door, but rather threw a "flash-bang" grenade, and barreled through the door without announcing themselves. Carruthers further alleges that the officers did not produce a warrant upon first entering the residence. Instead, Jeff Chism, an NAPD investigator, arrived at the scene about fifteen minutes later, with the warrant in hand. The officers' search of the residence yielded drugs, guns, and stolen property.

Based on the officers' findings, Carruthers was arrested and charged with possession of and/or receiving stolen property, felon in possession of a firearm, and drug trafficking (methamphetamine). A trial on these charges was allegedly held once, resulting in a hung jury. Carruthers, however, remains incarcerated, and has allegedly been re-indicted on these same charges.

On or about February 10, 2020, Carruthers filed this action under Section 1983 against defendants State of Mississippi, Kevin Johnson, Jeff Chism, Joe McDonald, and Mark Cossit. By way of relief, Carruthers asks only that the Court "hear [his] case" and hold a hearing on the matter.

Discussion

Carruthers asserts that the defendants have violated his right to be protected from illegal search and seizure as guaranteed by the Fourth Amendment of the United States Constitution. As a preliminary matter, the State of Mississippi should be dismissed, as it is entitled to sovereign immunity under the Eleventh Amendment. *See Union Pac. R. Co. v. La. Pub. Serv. Comm'n*, 662 F.3d 336, 340 (5th Cir. 2011). With respect to the remaining defendants, the Court

finds that Carruthers has failed to state a claim upon which relief can be granted for the following reasons.

The Fourth Amendment protects the "right of people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures . . . ." U.S. CONST. amend. IV. "[A] claimant alleging a Fourth Amendment violation must have a cognizable Fourth Amendment interest—a concept known as Fourth Amendment standing." *Barry v. Freshour*, 905 F.3d 912, 914 (5th Cir. 2018) (internal quotation marks omitted). Standing is a personal right that cannot be asserted vicariously. *United States v. Pierce*, 959 F.2d 1297, 1303 (5th Cir. 1992). A party asserting a Fourth Amendment violation bears the burden of showing "a justifiable, a reasonable, or a legitimate expectation of privacy that has been invaded by government action." *Barry*, 905 F.3d at 914. "A person who is aggrieved by an illegal search and seizure only through the introduction of damaging evidence secured by a search of a third person's premises or property has not had any of Fourth Amendment rights infringed." *Rakas v. Illinois*, 439 U.S. 128, 134 (1978) (citing *Alderman v. United States*, 394 U.S. 165 (1969)).

Carruthers concedes that he did not own nor live at the residence subject to the officers' search and accompanying seizure of evidence, and instead asserts that he was merely a visitor. Thus, Carruthers has not and cannot establish any privacy interest in his uncle's home. *See Dora v. MDOC*, 2011 WL 198118 at *14 (N.D. Miss. Jan. 18, 2011) (finding that petitioner had failed to state a Fourth Amendment claim because he was only a visitor of the home subject to the alleged unlawful search and seizure). In sum, Carruthers has no standing to challenge the search upon property that he did not own, *See Rakas*, 439 U.S. at 133-34, and, consequently, has failed to state a viable Fourth Amendment claim.

Moreover, Carruthers' claim fails because the alleged search and seizure were executed pursuant a search warrant. A search and seizure are presumptively reasonable and, therefore, constitutional when executed pursuant to a warrant. *See United States v. Ventresca*, 380 U.S. 102, 109 (1965)("[H]ad the magistrate on the same evidence available to the police made a finding of probable cause, the search under the warrant would have been sustained."); *see also United States v. Vigo*, 413 F.2d 691, 693 (5th Cir. 1969) (noting that "the warrant stands cloaked with a presumption of validity in the court below and on this appeal."). In his complaint, Carruthers asserted that the officers entered the residence without a warrant. At the *Spears* hearing, however, Carruthers clarified that, although the officers did not produce the warrant upon first entering the residence, an officer did arrive on the scene minutes later with a valid warrant authorizing a search of the home. Because Carruthers concedes that the officers had a warrant to search his uncle's residence, the attendant search and seizure are presumptively lawful.

## Conclusion

For the reasons set forth above, Carruthers has failed to state a cognizable constitutional claim against any named defendant. Accordingly, the instant complaint is hereby **DISMISSED**, and all named defendants are **DISMISSED with prejudice** from this action. The instant dismissal shall count as a **"STRIKE"** under 28 U.S.C. 1915(g).

**SO ORDERED**, this the 14th day of December, 2020.

/s/ Jane M. Virden
JANE M. VIRDEN
UNITED STATES MAGISTRATE JUDGE

4